**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

NORFOLK COATING SERVICES, LLC,

                Plaintiff,

v.                                                  Action No. 2:14cv188-HCM-TEM

THE SHERWIN-WILLIAMS COMPANY,

                Defendant.

_____

THE SHERWIN-WILLIAMS COMPANY,

                Plaintiff,

v.                                                  Action No. 2:14cv212-TEM

MICHAEL FREDERICK WINTERLING,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on the motions of Norfolk Coating Services, LLC and Michael Frederick Winterling to consolidate these two cases pursuant to Fed. R. Civ. P. 42(a). For the reasons stated herein, the motions are GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Michael Frederick Winterling ("Mr. Winterling") is the owner and registered agent for Norfolk Coating Services, LLC ("Norfolk Coating"), a Virginia limited liability company with its principal place of business in Chesapeake, Virginia. Am. Compl. ¶¶ 1, 9, ECF No. 23;

Answer to Countercl. ¶ 1, ECF No. 30.[1]  Norfolk Coating owns a Graco XP70 Plural-Component Sprayer (the "Sprayer"), previously sold by The Sherwin-Williams Company ("Sherwin-Williams") to Norfolk Coating's predecessor.  Am. Compl. ¶ 15.  In February 2013, Norfolk Coating sent the Sprayer to Sherwin-Williams's service center for refurbishment.  Am. Compl. ¶ 23.  In May 2013, Norfolk Coating attempted to use the Sprayer to paint the inside of some large ballast tanks on the USS DYNAMIC at Colonna's Shipyard.  Am. Compl. ¶¶ 24, 26, 29.  Due to an error code on the Sprayer, a Sherwin-Williams technician went to Colonna's Shipyard, inspected the Sprayer, and replaced a metering valve.  Am. Compl. ¶¶ 34-40.  Norfolk Coating asserts the Sprayer did not properly mix the paint components for the work subsequently performed on the USS DYNAMIC resulting in the paint peeling off of the ballast tanks.  Am. Compl. ¶¶ 45-48 and Ex. 1.  Norfolk Coating was charged $196,000 to remedy the peeling paint.  Am. Compl. ¶¶ 51-52.

On February 24, 2014, Sherwin-Williams filed suit against Norfolk Coating and Mr. Winterling in the Circuit Court for the City of Richmond ("the Richmond Case") alleging that Norfolk Coating failed to pay for materials and other goods (the "Materials") received from Sherwin-Williams pursuant to an open account established in 2012.  Sherwin-Williams' Opp'n to Mot. to Consolidate ("Opp'n") 1, ECF No. 31; *see also* Am. Countercl. ¶¶ 3-4 and Ex. B, ECF No. 28 and 28-1.  The Commercial Credit Application establishing the open account contains a clause waiving the right to a jury trial in any collection proceedings.  Am. Countercl. Ex. B.

On April 14, 2014, Norfolk Coating filed suit against Sherwin-Williams in the Circuit Court for the City of Chesapeake (the "Chesapeake Case") alleging breach of contract, breach of implied warranty, and fraud related to Sherwin-Williams's refurbishment of the Sprayer and

---

[1] All citations to ECF numbers in this Opinion and Order will be to Action No. 2:14cv188 unless otherwise noted.

replacement of the Sprayer's metering value. Compl., ECF No. 1-1. Norfolk Coating demanded a jury trial. *Id.*

Sherwin-Williams removed the Chesapeake Case to this Court on May 2, 2014, and the case was assigned Action Number 2:14cv188 ("Case 188"). On May 8, 2014, Sherwin-Williams filed a Motion to Dismiss, Answer, and Counterclaim. ECF Nos. 3 and 5. Following the filing of an Amended Complaint, a second Motion to Dismiss, Answer to the Amended Complaint and Amended Counterclaim were filed. ECF Nos. 23, 26, 28. In the Amended Counterclaim, Sherwin-Williams alleges Norfolk Coating is liable to Sherwin-Williams due to failure to pay invoices for the Materials ordered and received from Sherwin-Williams on the open account from March 2013 through September 2013 totaling $253,654.32. Am. Countercl. ¶¶ 4, 8-9, 14, and Ex. B, ECF Nos. 28, 28-2.

On May 9, 2014, Sherwin-Williams filed suit against Mr. Winterling in this Court, which was assigned Action Number 2:14cv212 (Case 212). Sherwin-Williams alleges that, pursuant to the terms of the Commercial Credit Application establishing the open account, Mr. Winterling is a co-obligor who is liable for the unpaid invoices. Am. Compl. ¶ 6, 2:14cv212 - ECF No. 18.

On June 9, 2014, Sherwin-Williams non-suited the Richmond Case. Opp'n 2.

Norfolk Coating and Mr. Winterling filed motions to consolidate Case 212 with Case 188 on July 15, 2014. Action No. 2:14cv188 - ECF No. 24; Action No. 2:14cv212 - ECF No. 15. Sherwin-Williams filed oppositions to the motions, to which Norfolk Coating and Mr. Winterling replied. A hearing was held before the undersigned on August 28, 2014. Robert L. Foley, Esq., represented Norfolk Coating and Mr. Winterling. Robert W. Best, Esq., represented Sherwin-Williams. The Official Court Reporter was Tami Tichenor.

## II. DISCUSSION

Federal Rule of Civil Procedure 42 provides in pertinent part, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Courts have "broad discretion" to consolidate cases pending in the same district under Rule 42(a). *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.,* 559 F.2d 928, 933 (4th Cir. 1977). In assessing consolidation, the "critical question" is whether "the specific risks of prejudice and possible confusion [from consolidation are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. Eastern Air Lines Inc.,* 681 F.2d 186, 193 (4th Cir. 1982).

The Court grants Norfolk Coating and Mr. Winterling's motions to consolidate Case 212 with Case 188 because the two cases involve common questions of law and fact. Case 212 and the counterclaim in Case 188 are almost identical, and will require the fact finder to determine to what extent Norfolk Coating is liable to Sherwin-Williams for unpaid invoices. The determination in these collection actions will be based on the same documents and witnesses. The only unique issues added by Case 212 are whether Mr. Winterling is a co-obligor on the account, and, if so, whether he would be entitled to any setoff from the resolution of the Sprayer litigation. Because Case 212 and the counterclaim in Case 188 involve similar defendants, the same alleged failure to pay invoices, the same documents and witnesses, and the same defenses, consolidation of the cases is appropriate. *See Harris v. L&L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th. Cir. 1997) (holding consolidation was proper in cases "brought against the same defendant,

relying on the same witnesses, alleging the same misconduct, and answered by the same defenses"). Allowing Sherwin-Williams to litigate their collection action in two separate cases would result in duplication of efforts by the parties as well as the Court, and would create the risk of inconsistent judgments. The benefits of consolidation, avoiding inconsistent judgments and promoting efficiency, significantly outweigh any potential prejudice or confusion caused by consolidation of the cases.

Sherwin-Williams' argument that consolidation is "impossible" because Case 188 is a jury trial and Case 212 is a bench trial is not well taken for several reasons. First, one trial can include both jury and non-jury issues. *See* Advisory Committee Note to Fed. R. Civ. P. 39 ("When certain of the issues are to be tried by jury and others by the court, the court may determine the sequence in which such issues shall be tried."). Counsel for Sherwin-Williams conceded this point during oral argument. Second, during oral argument, counsel agreed that there will likely be a summary disposition of Sherwin-Williams's claims for unpaid invoices in both cases. *See also* Opp'n 8. Consequently, the undersigned does not consider the combination of jury issues and non-jury issues as a barrier to consolidation.

Sherwin-Williams' only remaining argument against consolidation is that a jury may be confused in adjudicating a set-off. Opp'n 8. Sherwin-Williams asserts that, while Norfolk Coating may be entitled to a set-off based on the result of the Sprayer claims, Mr. Winterling is not. Opp'n 6-7. If it becomes necessary for a jury to consider the issue of set-off, any confusion can be avoided through appropriate jury instructions. Consolidating these actions will avoid the risk of inconsistent judgments and promote judicial economy by having one fact finder determine the liability of Norfolk Coating and Mr. Winterling to Sherwin-Williams for the unpaid invoices. Any risk of prejudice or confusion is clearly outweighed by the benefits of

consolidation.

### III. CONCLUSION

For the foregoing reasons, Norfolk Coating and Mr. Winterling's Motions to Consolidate Action Number 2:14cv212 with Action Number 2:14cv188 are GRANTED. Action No. 2:14cv188 - ECF No. 24; Action No. 2:14cv212 - ECF No. 15.

There has been no consent to trial by a United States Magistrate Judge filed in Action No. 2:14cv188. Accordingly, this Opinion and Order is entered pursuant to Federal Rule of Civil Procedure 72(a), and any party may serve upon the other party and file with the Clerk written objections to the Opinion and Order within fourteen (14) days.

The Clerk of Court shall mail a copy of this Opinion and Order to all counsel of record.

                                                     /s/
                                           Tommy E. Miller
                                United States Magistrate Judge

Norfolk, Virginia
September 2, 2014